# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| MALERIE ASHMORE, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 1:23-cv-236 |
| v. ) | |
| ) | Judge Atchley |
| ) | |
| PUBLIX SUPER MARKETS, INC., ) | Magistrate Judge Steger |
| ) | |
| *Defendant*. ) | |
| ) | |

## REMAND ORDER

On October 10, 2023, Defendants filed a notice of removal from Hamilton County Circuit Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. [Doc. 1]. Plaintiff initiated the present action in state court and requested exactly $75,000.00 in compensatory damages. [Doc. 1-1 at 6]. Defendants stated in their Petition for Removal that federal jurisdiction was proper because "[b]ased on information received to date pertaining to this claim, including anticipated medical bills and lost wages, Plaintiff seeks a judgment against the defendant in an amount in excess of seventy-five thousand dollars ($75,000.00)." [Doc. 1 at 1].

The Court subsequently issued a show-cause order asking Defendant to demonstrate that there is federal jurisdiction pursuant to 28 U.S.C. § 1332, noting that the state court complaint demanded exactly $75,000.00 which does not satisfy the statutory requirements of § 1332. [Doc. 14]. Defendant responded, highlighting their current knowledge of Plaintiff's injuries and requesting that this matter remain in federal court. [Doc. 16]. While Defendant's response states their perception of Plaintiff's injuries, it fails to demonstrate how the damages sought in this matter exceed Plaintiff's affirmative demand of exactly $75,000.00.

Federal courts "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Ans. in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). The party seeking removal must show that it is proper by a preponderance of the evidence. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds in Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Federal jurisdiction over a removed action is determined at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) ("the determination of federal jurisdiction in a diversity case is made as of the time of removal"). In states such as Tennessee where a plaintiff may recover damages exceeding the amount requested, the defendant, at the time of removal, must show that it is "more likely than not that the plaintiff's claims meet the amount in controversy requirement." *Id*.

Plaintiff originally sued for exactly $75,000.00. Since jurisdiction is determined at the time of removal, this Court does not have diversity jurisdiction under 28 U.S.C. § 1332.[1] Defendant did not show at the time of removal that it is more likely than not that Plaintiff's damages exceeded the jurisdictional threshold, instead merely offering the conclusory statement that "[p]laintiff seeks a judgment against the defendant in an amount in excess of seventy-five thousand dollars ($75,000.00)." [Doc. 1 at 1]. Consequently, the Court did not have jurisdiction over this action at the time of removal and the Court is required to remand.

Accordingly, the Court **ORDERS** that this action be **REMANDED** to the Hamilton County Circuit Court. The Clerk is **DIRECTED** to **CLOSE** the case.

---

[1] The Court expresses no opinion on whether Defendant could re-remove this action pursuant to § 1441 if Plaintiff were to amend her complaint in state court to seek damages in excess of $75,000.00.

**SO ORDERED.**

/s/*Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.
UNITED STATES DISTRICT JUDGE**